UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Docket No.: 1:20-cv-10922
JANE DOE XIX,

                *Plaintiff*,

      -against-                                      **COMPLAINT**

DARREN K. INDYKE and RICHARD D. KAHN, in
their capacities as the co-executors of the ESTATE OF    **JURY TRIAL**
JEFFREY EDWARD EPSTEIN,                            **DEMANDED**

                *Defendants*.
------------------------------------------------------------------X

Plaintiff **JANE DOE XIX** ("Plaintiff" or "Ms. Doe")[1], by and through her attorneys at **MERSON LAW, PLLC**, and as for her Verified Complaint in this action against Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN** (collectively "Defendants"), hereby alleges the following:

### VENUE, JURISDICTION AND TIMELINESS

1. Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(b)(1) and 1391(b)(2) as this is the judicial district in which both a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated.

2. Specifically, in or about 2014, at 9 East 71st Street, New York, New York 10021, Jeffrey Edward Epstein ("Epstein") intentionally and for no legitimate purpose, forcibly

---

[1] Plaintiff uses the "Jane Doe" pseudonym because she is a victim of a sex crime pursuant to N.Y. Civ. Rights § 50-b and other statutory and common law principles. The attorneys for Defendants have indicated that they are amenable to stipulating to this relief, as they have done in several other actions against the Estate (*see e.g.* Mary Doe v. Estate), but to the extent necessary, Plaintiff will file a motion to proceed pseudonymously on the basis of her privacy, among other things, because her allegations concern childhood sexual abuse.

fondled, groped, molested and/or inappropriately touched Plaintiff's sexual or other intimate parts for the purpose of degrading or abusing her or for the purpose of gratifying his sexual desires when she was sixteen years-old in violation of New York Penal law, including but not limited to, § 130.52.

3. In addition, in or about 2015, at 9 East 71st Street, New York, New York 10021, Epstein forcibly sexually abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, all while she was then a minor-aged child, through the use of force and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.20, 130.25, 130.35, 130.40, 130.50, 130.52, 130.60, and 130.65.

4. The Estate of Jeffrey Edward Epstein (the "Estate"), which is being presided over by Defendants, includes the residence at 9 East 71st Street, New York, New York 10021, which was occupied by Epstein before his death in August of 2019, and while the residence is currently listed for sale for $88,000,000, it has not yet been sold, and is still part and parcel of the Estate.

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, and/or citizens of a State and citizens or subjects of a foreign state.

6. This Court had personal jurisdiction over Epstein at the time of his death because the tortious acts giving rise to Plaintiff's claims took place in New York State.

7. This Court has personal jurisdiction over Defendants because at the time of his death, Epstein was subject to personal jurisdiction as referenced above.

8.  This action has also been timely filed pursuant to CPLR § 214-g or The Child Victims Act ("CVA") which provides that a plaintiff, who was a child less than eighteen years of age when a defendant committed unto them an act in violation of New York Penal Law Article 130, shall have until August 14, 2021, or until she turns fifty-five years-old, to bring forth the previously time-barred claim against said defendant.

9.  Indeed, as referenced above, the actions described herein constitute sexual offenses by Epstein under New York Penal Law Article 130 and were committed against Plaintiff through the use of force, and without her consent, in or about 2014 when she was approximately sixteen (16) years old, and in or about 2015 when she was approximately seventeen (17) years old, for which she suffered physical, psychological and other injuries as a result. As such, her claims are brought timely pursuant to the CVA, as well as CPLR § 213-c.

## PARTIES

10. Plaintiff, a victim of sex trafficking and sexual abuse, has been identified by pseudonym pursuant to an agreement between counsel for all parties because this matter is of a highly sensitive and personal nature, and public disclosure of her identity may subject her to further humiliation, shame, and emotional distress.

11. Plaintiff was and is a resident and domiciliary of New York State.

12. Upon information and belief, Defendants are successors-in-interest and/or obligors to Epstein's assets, obligations and/or responsibilities. Upon further information and belief, the Estate maintained multiple properties in the United States including, but not limited to, New York, New York, Palm Beach, Florida and New Mexico.

13. Pursuant to 28 U.S.C §§ 1332(c)(2), Darren K. Indyke, who is sued in his capacity as co-executor of the Estate, is a citizen of the United States Virgin Islands.

14. Pursuant to 28 U.S.C §§ 1332(c)(2), Richard D. Kahn, who is sued in his capacity as co-executor of the Estate, is a citizen of the United States Virgin Islands.

## NATURE OF THE CLAIMS

15. Epstein sexually abused, assaulted and battered many women and children, including Plaintiff herein.

16. Now, Plaintiff comes forward to stand up for herself and others, after she was forcibly sexually abused, assaulted, battered and raped by Epstein through the use of force and without her consent when she was a minor child.

17. Plaintiff was forcibly sexually abused, assaulted, battered and raped by Epstein, through the use of force and without her consent, as a part of the same conduct, occurrence, plan, scheme and/or transaction that was perpetrated, conducted, organized and/or performed in New York, Florida, New Mexico, South Carolina, California, the United States Virgin Islands and other places by Epstein and his associates.

18. Over the course of several decades, Epstein orchestrated a massive sex trafficking network to obtain hundreds of underage girls and young women for not only his sexual gratification, but also that of several other wealthy and/or powerful individuals within his social network to whom he trafficked these same underage girls and young women to.

19. As expressed by United States District Judge Kenneth Marra in his opinion in *Doe v. United States*, "From between 1999 and 2007, Jeffrey Epstein sexually abused more than thirty minor girls ... at his mansion in Palm Beach, Florida, and elsewhere in the United States and overseas ... In addition to his own sexual abuse of the victims, Epstein directed other persons to abuse the girls sexually. Epstein used paid employees to find and bring minor girls to him. Epstein worked in concert with others to obtain minors not only for his own sexual

gratification, but also for the sexual gratification of others." *See Doe v. United States*, 359 F. Supp. 3d 1201, 1204 (S.D. Fla. 2019) (internal citations omitted).

20. In performing the acts set forth above, Epstein committed multiple torts unto Plaintiff including, but not limited to, assault, battery and intentional infliction of emotional distress pursuant to New York State common law.

21. In or about 2014, at 9 East 71st Street, New York, New York 10021, Epstein intentionally and for no legitimate purpose, forcibly fondled, groped, molested and/or inappropriately touched Plaintiff's sexual or other intimate parts for the purpose of degrading or abusing her or for the purpose of gratifying his sexual desires when she was sixteen years-old in violation of New York Penal law, including but not limited to, § 130.52.

22. In addition, in or about 2015, at 9 East 71st Street, New York, New York 10021, Epstein forcibly sexually abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, all while she was then a minor-aged child, through the use of force and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.20, 130.25, 130.35, 130.40, 130.50, 130.52, 130.60, and 130.65.

23. Since the sexual abuse, and a result thereof, Plaintiff has suffered severe emotional pain and suffering, and has been unable to live a normal life.

24. At the time of the sexual abuse, Plaintiff was sixteen (16) and seventeen (17) years old, and Defendant was an adult who was approximately sixty-one (61) and sixty-two (62) years old.

25. Epstein used his apparent connections to the fashion and modeling industries to coax, coerce and/or lure Plaintiff to his home on the Upper East Side of Manhattan under the guise of discussing how he could help her career.

26. Then, once Epstein had successfully coaxed, coerced and/or lured Plaintiff to his home on the Upper East Side of Manhattan, he isolated, and then sexually abused, assaulted, battered and raped her, as set forth above, through the use of force and without her consent.

27. Epstein's sexual abuse of Plaintiff included forcing her to engage in non-consensual and forcible sexual intercourse and oral sexual conduct with him. As such, Epstein's conduct towards Plaintiff amounted to violations of several sections of Article 130 of New York State's Penal Law including, but not limited to, §§ 130.20, 130.25, 130.35, 130.40, 130.50, 130.52, 130.60, and 130.65.

28. Indeed, as set forth above, Epstein's conduct towards Plaintiff, then a minor child, amounted to "sexual misconduct" in violation of New York State Penal Law § 130.20 as he engaged in sexual intercourse with her, and other sexual abuse, through the use of force and without her consent.

29. Epstein's conduct towards Plaintiff, then a minor child, also amounted to "rape in the third degree" in violation of New York State Penal Law § 130.25 as he engaged in sexual intercourse with her through the use of force and without her consent.

30. Epstein's conduct towards Plaintiff, then a minor child, also amounted to "rape in the first degree" in violation of New York State Penal Law § 130.35 as he engaged in sexual intercourse with her by forcible compulsion and without her consent.

31. Epstein's conduct towards Plaintiff, then a minor child, also amounted to violations of New York State Penal Law §§ 130.40 and 130.50 as he forced Plaintiff to perform oral sex onto him by forcible compulsion and without her consent.

32. Epstein's conduct towards Plaintiff, then a minor child, also amounted to "forcible touching" in violation of New York State Penal Law § 130.52 as he intentionally, and

for no legitimate purpose, forcibly touched her sexual or other intimate parts for the purpose of degrading or abusing her, or for the purpose of gratifying his sexual desire.

33. Epstein's conduct towards Plaintiff, then a minor child, also amounted to "sexual abuse in the second degree" in violation of New York State Penal Law § 130.60 as he engaged in sexual intercourse with her through the use of force and without her consent.

34. Finally, Epstein's conduct towards Plaintiff, then a minor child, also amounted to "sexual abuse in the first" in violation of New York State Penal Law § 130.65 as he engaged in sexual intercourse with her by forcible compulsion and without her consent.

35. The predatory, sexual attacks on Plaintiff by Defendant left her with not only severe and permanent physical injuries, but Plaintiff has also suffered, and will continue to suffer from, severe and permanent psychological trauma.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BATTERY OF JANE DOE XIX AS TO JEFFREY EDWARD EPSTEIN

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 35., inclusive, with the same force and effect as if hereafter set forth at length.

37. Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

38. In or about 2014, at 9 East 71st Street, New York, New York 10021, Epstein intentionally and for no legitimate purpose, forcibly fondled, groped, molested and/or inappropriately touched Plaintiff's sexual or other intimate parts for the purpose of degrading

or abusing her or for the purpose of gratifying his sexual desires when she was sixteen years-old in violation of New York Penal law, including but not limited to, § 130.52.

39. In addition, in or about 2015, at 9 East 71st Street, New York, New York 10021, Epstein forcibly sexually abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, all while she was then a minor-aged child, through the use of force and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.20, 130.25, 130.35, 130.40, 130.50, 130.52, 130.60, and 130.65.

40. Epstein's predatory, sexual, and unlawful acts against Plaintiff amounted to a series of harmful and offensive contacts to Plaintiff's person, all of which were done forcibly and intentionally by him to her without her consent.

41. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

42. As a direct and proximate result of the aforementioned batteries, Plaintiff has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

43. As a direct and proximate result of the aforementioned batteries, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, those total damages in amounts to be proven at trial.

44.     As a direct and proximate result of the aforementioned batteries, Plaintiff was caused to sustain severe and serious personal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof.  Upon information and belief these injuries are of a permanent and lasting nature, and Plaintiff was incapacitated from attending her regular activities and was caused to expend sums of money for medical care on her behalf.

45.     By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT OF JANE DOE XIX AS TO JEFFREY EDWARD EPSTEIN

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 45., inclusive, with the same force and effect as if hereafter set forth at length.

47.     Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

48.     In or about 2014, at 9 East 71st Street, New York, New York 10021, Epstein intentionally and for no legitimate purpose, forcibly fondled, groped, molested and/or inappropriately touched Plaintiff's sexual or other intimate parts for the purpose of degrading or abusing her or for the purpose of gratifying his sexual desires when she was sixteen years-old in violation of New York Penal law, including but not limited to, § 130.52.

49. In addition, in or about 2015, at 9 East 71st Street, New York, New York 10021, Epstein forcibly sexually abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, all while she was then a minor-aged child, through the use of force and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.20, 130.25, 130.35, 130.40, 130.50, 130.52, 130.60, and 130.65.

50. Epstein's predatory, sexual and unlawful acts against Plaintiff, created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person, all of which were done forcibly and intentionally by him to her without her consent.

51. As a direct and proximate result of the aforementioned assaults, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

52. As a direct and proximate result of the aforementioned assaults, Plaintiff has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

53. As a direct and proximate result of the aforementioned assaults, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, those total damages in amounts to be proven at trial.

54. As a direct and proximate result of the aforementioned assaults, Plaintiff was caused to sustain severe and serious personal injuries and was caused to suffer severe physical

pain and mental anguish as a result thereof. Upon information and belief these injuries are of a permanent and lasting nature, and Plaintiff was incapacitated from attending her regular activities and was caused to expend sums of money for medical care on her behalf.

55. By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF JANE DOE XIX AS TO JEFFREY EDWARD EPSTEIN

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 55., inclusive, with the same force and effect as if hereafter set forth at length.

57. Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

58. In or about 2014, at 9 East 71st Street, New York, New York 10021, Epstein intentionally and for no legitimate purpose, forcibly fondled, groped, molested and/or inappropriately touched Plaintiff's sexual or other intimate parts for the purpose of degrading or abusing her or for the purpose of gratifying his sexual desires when she was sixteen years-old in violation of New York Penal law, including but not limited to, § 130.52.

59.     In addition, in or about 2015, at 9 East 71st Street, New York, New York 10021, Epstein forcibly sexually abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, all while she was then a minor-aged child, through the use of force and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.20, 130.25, 130.35, 130.40, 130.50, 130.52, 130.60, and 130.65.

60.     Epstein engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress.

61.     As a direct and proximate result of the aforementioned assaults and batteries, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish and emotional and physical injuries, as well as economic losses, all her damage in amounts to be proven at trial.

62.     Epstein committed the acts alleged herein forcibly, maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.

63.     By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

**WHEREFORE**, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, respectfully requests that judgment be entered against the Defendants as follows: (a) awarding compensatory damages for all physical injuries, emotional distress, psychological harm,

anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial; (b) awarding compensatory damages for Plaintiff's future medical care, psychiatric care and other needs and costs; (c) awarding Plaintiff compensatory damages for her loss of earnings and earning potential; (d) awarding Plaintiff costs and fees to repay any liens that may be levied against her judgment; (e) awarding attorneys' fees and costs pursuant to any applicable statute or law; (f) awarding pre and post-judgment interest on all such damages, fees and/or costs; (g) attaching all of Defendants' real property and other assets located in the State of New York pursuant to New York CPLR 6201 *et seq*. and Federal Rule of Civil Procedure 64; and, (h) awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 24, 2020

                                                MERSON LAW, PLLC

By: *Jordan Merson*
      Jordan K. Merson (JM-7939)
      Jordan K. Rutsky (JR-7033)
      Attorneys for Plaintiff
      950 Third Avenue, 18th Floor
      New York, New York 10022
      (212) 603-9100
      jmerson@mersonlaw.com
      jrutsky@mersonlaw.com